Filed 8/5/25  P. v. Schafer CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101252 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F04925) |
| v. | |
| DANIEL GENE SCHAFER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Daniel Gene Schafer filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We ordered supplemental briefing on whether the trial court erred in imposing the upper term based on aggravating circumstances not proven in accordance with Penal Code section 1170, subdivision (b).[1]  Because the court did so err, and because we

---

[1]  Undesignated statutory references are to the Penal Code.

1

conclude the error was not harmless, we vacate defendant's sentence and remand to the trial court for further litigation of the aggravating circumstances and resentencing.

## FACTS AND PROCEEDINGS[2]

In 2016, a jury found defendant guilty of first degree attempted robbery (§§ 211, 664), first degree robbery (§ 211), first degree burglary (§ 459), and unlawful possession of a firearm (§ 29800, subd. (a)(1)). As to the robberies, the jury found true that defendant personally used a firearm. (§ 12022.53, subd. (b).) As to the burglary, the jury found true that defendant personally used a firearm (§ 12022.5, subds. (a), (d)) and that another person other than an accomplice was present in the residence during the burglary (§ 667.5, subd. (c)(21)).

Defendant waived a jury trial as to his prior convictions. At a bench trial, the trial court found true that defendant had seven prior strike convictions, all stemming from a single prior case. The trial court sentenced defendant to an aggregate term of 75 years to life plus 23 years four months.

In his prior appeal, we agreed with defendant's claims of sentencing error and remanded for resentencing. (See *People v. Schafer* (Nov. 5, 2020, C083560) [nonpub. opn.].)

On remand, the trial court resentenced defendant as follows: (1) 25 years to life for the attempted robbery plus 10 years for the associated firearm enhancement; (2) 25 years to life for the first degree robbery plus three years four months for the associated firearm enhancement; (3) 25 years to life for the burglary plus 10 years (the upper term) for the associated firearm enhancement (both stayed under section 654); (4) six years for unlawful possession of a firearm (the upper term, doubled due to the prior strike); and (5) 10 years for two prior serious felony enhancements (§ 667, subd. (a)). In imposing the

---

[2] On the court's own motion, we incorporate by reference the record on appeal from defendant's prior appeal, case No. C083560.

2

upper term for the firearm enhancement, the court explained the upper term was "based on California Rule[s] of Court[, rule] 4.421(b)(2) and [section] 1170(b)(3)."[3] In imposing the upper term for the possession conviction, the court again based its decision on "[Rule] 4.421(b)(2), Defendant's prior convictions, and [section] 1170(b)(3)."

The abstracts of judgment list a court security fee of $120 and a criminal conviction assessment of $160.

Defendant timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) After undertaking an examination of the entire record pursuant to *Wende*, we directed the parties to submit supplemental briefing addressing the following questions: "1. Did the trial court err in imposing the upper term (in part based on California Rules of Court, rule 4.421(b)(2)) for the Penal Code section 12022.5 enhancement and the Penal Code section 29800 conviction? [¶] 2. What errors (if any) in the abstracts of judgment require correction?"

Section 1170, subdivision (b)(2) provides that, in selecting a term of imprisonment, a trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Notwithstanding this rule, a "court may consider the defendant's prior convictions in determining sentencing based on

---

[3] Undesignated rule references are to the California Rules of Court.

a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

"[W]ith the exception of prior conviction allegations, 'under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury' and 'established beyond a reasonable doubt.' " (*People v. Lynch* (2024) 16 Cal.5th 730, 747 (*Lynch*); *Cunningham v. California* (2007) 549 U.S. 270, 281.) In *Lynch*, our Supreme Court explained that, under section 1170, subdivision (b), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch*, at p. 768.)

Further, in *Erlinger v. United States* (2024) 602 U.S. 821, the United States Supreme Court rejected the argument that the prior conviction exception to the Sixth Amendment "permits a judge to find perhaps any fact related to a defendant's past offenses." (*Id.* at p. 837.) Rather, "a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Id.* at p. 838.)

Rule 4.421 sets forth aggravating circumstances a court may consider when sentencing a defendant. One such aggravating circumstance is that the "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." (Rule 4.421(b)(2).)

The People concede that defendant's "Sixth Amendment right to a jury trial was violated when the court found that his seven prior strike convictions were 'numerous' within the meaning of rule 4.421(b)(2)." We accept the People's concession, as the trial court imposed the upper term even though this aggravating fact was not proven in accordance with section 1170, subdivision (b)(2), and even though the prior conviction exception would not apply to this aggravating fact. (See *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*) ["We understand *Erlinger* to require that any fact, beyond the bare

4

fact of a prior conviction, that exposes a defendant to harsher punishment, must be found by a jury beyond a reasonable doubt," *id.* at pp. 1083-1084]; cf. *id*. at p. 1085, fn. 9] [discussing whether the "numerical tally" of a defendant's prior convictions falls within the prior conviction exception, but declining to address the issue].)

But the People's concession misses a key point by addressing only numerosity. The trial court here imposed the upper term based on Rule 4.421(b)(2). The aggravating circumstance under Rule 4.421(b)(2) is that a defendant's prior convictions are "numerous *or* of increasing seriousness." (Italics added.) Because the rule is worded in the disjunctive, it is unclear whether the court found that: (1) defendant's prior convictions were numerous; (2) defendant's prior convictions were of increasing seriousness; or (3) defendant's prior convictions were both numerous and of increasing seriousness. The People do not explain their assumption that the court solely found that defendant's prior convictions were numerous, and we do not understand the trial court's sentence pronouncement to support that assumption. Accordingly, we must also consider the possibility that, in citing to Rule 4.421(b)(2), the court imposed the upper term because it found defendant's prior convictions were of increasing seriousness. As with the fact that defendant's prior convictions were numerous, the aggravating circumstance that defendant's prior convictions were of increasing seriousness was not found here in accordance with section 1170, subdivision (b)(2) or the Sixth Amendment. (See *Wiley*, *supra*, 17 Cal.5th at p. 1082 [concluding that, absent waiver or stipulation, the increasing seriousness of prior convictions must be found by a jury].)

Though conceding error, the People contend the error was harmless. We disagree.

A trial court's reliance on aggravating circumstances not found in accordance with section 1170, subdivision (b) is "prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the

5

reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch*, *supra*, 16 Cal.5th at p. 768.) When assessing prejudice under *Chapman*, the proper inquiry is " 'whether any rational fact finder could have come to the *opposite* conclusion.' " (*Wiley*, *supra*, 17 Cal.5th at p. 1090.) If a rational juror could have reached the opposite conclusion, the error is not harmless under *Chapman*. (*Ibid*.) The People bear the burden of establishing that the federal constitutional error was harmless beyond a reasonable doubt. (*People v. Avalos* (2022) 85 Cal.App.5th 926, 953.)

The People present no argument as to whether a jury would have found defendant's prior convictions were of increasing seriousness. They thus fall short of satisfying their burden of establishing harmless error under *Chapman* on this point.

Regarding the aggravating fact that defendant's prior convictions were numerous, the People argue that seven prior convictions is plainly numerous. Though defendant concedes as much, we do not necessarily agree. (See *People v. Vivar* (2021) 11 Cal.5th 510, 524 ["[W]e are not 'bound' to accept a party's concession on a question of law"].)

Our Supreme Court has cautioned against attempting to determine whether a jury would have found true aggravating circumstances that require " ' "an imprecise quantitative or comparative evaluation of the facts." ' " (*Lynch*, *supra*, 16 Cal.5th at pp. 775-776.) " ' "[T]o the extent a potential aggravating circumstance . . . rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." ' " (*Id*. at p. 775.) Bearing in mind this guidance, we cannot conclude, beyond a reasonable doubt, that a jury *would* have determined that defendant's prior convictions were "numerous" as we cannot confidently say where the jury would have drawn the line for what constitutes "numerous." A rational juror *could* have concluded that defendant's seven prior

convictions--*all of which stem from a single case*--were not numerous.  We therefore cannot say the error here was harmless under *Chapman*.

Urging the contrary conclusion, the People rely on cases stating that three or more prior convictions definitively qualifies as "numerous" under Rule 4.421(b)(2).  But these cases were all decided before *Lynch* and *Erlinger*, and do not involve the application of *Chapman* harmless error analysis.  (See, e.g., *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [concluding the trial court did not err because "we believe that three convictions are 'numerous' within the meaning of [former] rule 421(b)(2)"].)  The only case cited by the People that postdates *Lynch* and *Erlinger* and applies *Chapman* harmless error in this context was recently ordered depublished by our Supreme Court.  (See *People v. Cabada* (2025) 109 Cal.App.5th 1186, review den., ordered not published (June 11, 2025, S290694).)  In any event, for the reasons stated, we are not persuaded a brightline cutoff for numerosity is consistent with *Chapman* harmless error analysis in this context.

Because the trial court's reliance on the improperly found aggravating circumstances was not harmless beyond a reasonable doubt, we vacate defendant's sentence and remand the matter.  "Further proceedings on remand are to be conducted in accordance with the current statutory requirements and the defendant given the opportunity for the jury trial, of which he was deprived." (*Lynch*, *supra*, 16 Cal.5th at p. 777.)  "On remand, the parties remain free to introduce at trial all relevant evidence to support or contest the factual support for the aggravating circumstances set out in the California Rules of Court.  The court may rely on any properly proven aggravating facts, including prior convictions or facts necessarily found by the jury to support a verdict on underlying counts and enhancements.  The court retains its discretion to impose an upper term sentence if it concludes that one or more properly proved circumstances justify such a sentence.  (§ 1170(b)(2).)  If it cannot so conclude, it may impose no more than a middle term." (*Lynch,* at pp. 777-778.)

Finally, the parties agree, as do we, that the abstract of judgment contains errors that warrant correction. The court security fee under Penal Code section 1465.8 should be $160, not $120, and the criminal conviction assessment under Government Code 70373 should be $120, not $160. (See Pen. Code, § 1465.8, subd. (a)(1) ["an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense"]; Gov. Code, § 70373, subd. (a)(1) ["an assessment shall be imposed on every conviction for a criminal offense . . . in the amount of thirty dollars ($30) for each misdemeanor or felony"].)

## DISPOSITION

Defendant's sentence is vacated; we remand to the trial court for further litigation of the aggravating circumstances and for the court to exercise its discretion under section 1170, subdivision (b), as indicated here. Following proceedings on remand, the trial court shall prepare a new abstract of judgment that reflects the corrections explained in this opinion as well as any changes to the judgment and send a certified copy thereof to the Department of Corrections and Rehabilitation.



/s/
Duarte, J.

We concur:


/s/
Mauro, Acting P. J.


/s/
Krause, J.

8